IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW M. GABRIEL** )<br>*on behalf of himself and all others* )<br>*similarly situated*, )<br>        Plaintiff, )<br> )<br>        v. )<br> )<br>**GIANT EAGLE, INC.**, )<br>**MARCKISOTTO MARKETS INC.** )<br>*doing business as* )<br>"EDGEWOOD GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE PHARMACY #24", )<br>**SHAKESPEARE STREET ASSOCIATES** )<br>**GP LLC,** *doing business as* )<br>"GIANT EAGLE" or )<br>*doing business as* )<br>"SHAKESPEARE GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE PHARMACY #17" and )<br>**CVS PHARMACY, INC.,** )<br>*doing business as* "CVS" or )<br>*doing business as* )<br>"CVS STORE #4091" )<br>        Defendants. ) | Civil Action No. 14-0980<br><br>United States District Judge<br><br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

**REPORT AND RECOMMENDATION**

    **I.**    **Recommendation**

Because defendant CVS Pharmacy, Inc.'s Notice of Removal was filed within 30 days of its receipt of the initial pleading against it (the Third Amended Complaint naming it as a defendant), Plaintiff's Motion to Remand (ECF No. 3) to the Court of Common Pleas of Allegheny County on the grounds that it was untimely under 28 U.S.C. § 1446(b) should be denied.

## II. Report

The salient facts are not disputed.

Andrew M. Gabriel, on behalf of himself and all others similarly situated, commenced a class action against Giant Eagle, Inc. ("Giant Eagle"), and unnamed corporate defendants designated John Doe #1 and John Doe #2, by filing a writ of summons on April 22, 2014, in the Court of Common Pleas of Allegheny County, Pennsylvania, and later, on May 2, 2014, a Class Action Complaint against these same defendants. There are no specific factual averments made against any employee or agent of either John Doe corporation, only against Giant Eagle. *See* Class Action Complaint, Exhibit C to Notice of Removal (ECF No. 1-4).

On May 6, 2014, Plaintiff filed an Amended Class Action Complaint naming the same defendants as in the original Complaint and on May 14, 2014, Plaintiff filed a Second Amended Class Action Complaint naming some of the same defendants as the original Complaint and Amended Complaint, namely Giant Eagle and John Doe #1, but adding Marckisotto Markets, Inc. (d/b/a "Edgewood Giant Eagle"), and Shakespeare Street Associates, LLC, (C (d/b/a "Shakespeare Giant Eagle"). While specific factual allegations are made against Giant Eagle, Marckisotto Markets and Shakespeare Street, again there are no specific allegations made against any employee or agent of the unnamed John Doe Corporation.[1] *See* First and Second Amended Class Action Complaints, Exhibits D and E to Notice of Removal (ECF No. 1-5, 1-6, respectively). CVS was not named as a defendant in either amended complaint.

---

[1] Unlike most John Doe Defendants against whom specific factual allegations are made and their allegedly wrongful conduct described but whose names are not known, Plaintiff attributes no particular conduct to any "John Doe corporation" in any of his complaints.

On May 20, 2014, Plaintiff filed a Praecipe for Writ to Join Additional Defendant naming CVS as a defendant. Exhibit F to Notice of Removal (ECF No. 1-7). On May 29, 2014, CVS was served with the Praecipe for Writ of Summons to Join Additional Defendant at one of its retail branch pharmacies. Exhibit G to Notice of Removal (ECF No. 1-8). On June 17, 2014, Plaintiff filed a Motion to Determine Necessity for Certificate of Merit in the Court of Common Pleas of Allegheny County, and served a copy of the Certificate of Merit Motion on CVS, at its Church Street retail store location, on June 18, 2014, according to the certificate of service attached to the motion by plaintiff's counsel. Certificate of Merit Motion, Exhibit 1 to Defendant's Brief In Opposition To Plaintiff's Motion To Remand (ECF No. 15-1). Although the caption on the Certificate of Merit Motion identified CVS as a defendant, the motion itself made no reference to CVS, no allegations against CVS, nor did it identify the damages sought from CVS. *Id.* [2]

CVS filed its Notice of Removal (ECF No. 1) to this Court on July 21, 2014, predicated on the removal statutes and the Class Action Fairness Act of 2005, P.L. 109-2, as codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"). CVS asserts the jurisdiction of the federal courts pursuant to CAFA because the putative class action consists of at least 100 proposed class members, the citizenship of at least one proposed class member is different from at least one of the Defendants (CVS is a Rhode Island corporation), and the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. §1332(d). Notice of Removal (ECF No. 1), at 4. As CVS accurately observes, Plaintiff does

---

[2] There may be some disagreement as to the effect of serving the Writ of Summons and the Certificate of Merit Motion on a corporate defendant at one of its branch retail stores, but CVS does not advance an improper service challenge and the court assumes, for purposes of the motion to remand, that service of these items was effective on the dates averred. As we will see, however, the dates of service of these items is not material to the removal analysis.

3

not challenge the minimal diversity, numerosity of the purported class members, or the amount in controversy required to subject this case to diversity federal jurisdiction under CAFA and does not argue that this case should be remanded pursuant to any CAFA exception. Defendant's Brief in Opposition to Plaintiff's Motion to Remand (ECF No. 15), at 1-2. Moreover, Plaintiff acknowledges he served CVS with a copy of the Third Amended Complaint ("TAC"), naming CVS as a defendant for the first time in these proceedings, on June 20, 2014. *Id.* [3]

Plaintiff's Motion to Remand is based on the faulty notion that the event triggering the 30 day removal period was service of the Praecipe for Writ of Summons to Join Additional Defendant on CVS on May 29, 2014, or service on CVS on June 18, 2014, of a copy of the Certificate of Merit Motion. While not material to the removal analysis, neither the Praecipe nor the Motion for a Certificate of Merit made any reference to CVS, other than naming it as a defendant, nor did the content of these items aver any facts whatsoever regarding CVS's conduct that might have exposed it to liability. Nevertheless, Plaintiff maintains that CVS could and should have gone to the several complaints filed in state court against *other* Defendants and surmised therefrom the gist of the claims that Plaintiff was planning to - but had not yet - make against it. Thus, CVS should have been aware by no later than June 18, 2014, that CAFA diversity jurisdiction existed, making the Notice of Removal on July 21st untimely.

---

[3] Excluding June 20th from the calculation of the 30 day period for removal of a state case to federal court, *see* Fed.R.Civ.P. 6(a)(1)(A) ("Computing and Extending Time"), CVS's Notice of Removal was filed on the 30th day following service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

Section 1446(b) of the removal statutes provides in relevant part:

> **Requirements; generally. –**
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> \* \* \*
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (b)(3).

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the United States Supreme Court considered the question of whether the 30 day removal period began to run when defendant received a fax copy of the complaint that had been filed in state court, as the Court of Appeals for the Eleventh Circuit had held in finding the Notice of Removal in that case had been untimely. Rejecting that view as inconsistent with the "bedrock principle" that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process," the Supreme Court held:

> [A] named defendant's time to remove is *triggered by simultaneous service of the summons and complaint, or receipt of the complaint*, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.
>
> \* \* \*

5

The interpretation of § 1446(b) adopted here adheres to tradition, makes sense of the phrase "or otherwise," and assures defendants adequate time to decide whether to remove an action to federal court. As the court in [*Potter v. McCauley,* 186 F.Supp. 146, 149 (D.Md. 1960)] observed, the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories. *See* 186 F.Supp., at 149. In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, *depending on when the complaint is received*.

As summarized in *Potter*, the possibilities are as follows. First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, *if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint*. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, *if the complaint is filed in court prior to any service, the removal period runs from the service of the summons*.

526 U.S. at 347-48, 354 (emphasis added).

CVS had been served with the Praecipe for Writ of Summons and a motion related to the Second Amended Class Action Complaint, but did not receive a copy of the complaint naming it as a defendant until June 20, 2014, the TAC. From the unambiguous guidance of *Murphy Bros*, it follows that the period for removal runs from CVS's receipt of the TAC, and the Notice of Removal in this case was timely filed.

In *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214 ( 3d Cir. 2005), the Court of Appeals for the Third Circuit considered *Murphy Bros* and held that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446( b)." *Id.*, 416 F. 3d at 223. Instead, it is the receipt of the complaint that triggers the time for removal. *Id*. at 222. *See also Stephens v. State Farm Fire and Cas. Co.,* 2014 WL 1784686 (M.D.Pa. 2014) ("As its name implies, this 'receipt rule,'

calculates the time for removal from the actual receipt of a pleading that gives notice that an action is subject to removal. . . . 'Where, as here, defendants are served with a summons and the complaint is filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint.' . . . Thus, we have typically begun the running of the removal clock from the time when the defendant actually receives a copy of the complaint setting forth a claim that is subject to removal, and not from the date upon which such a complaint is filed, but not served or received.") (citing *Polcano v. Conegtec Universal*, 474 F.Supp.2d 735, 737 (E.D.Pa. 2007) (additional citations omitted); *Campbell v. Oxford Elec., Inc.,* 2007 WL 2011484 (E.D.Pa. 2007) ("Where, as here, the defendant is served with a summons but has not been served with a complaint, the 30-day period has not begun to run. Conversely, under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date on which the defendant is served with an 'initial pleading.' Thus, removal is not proper until a complaint has been served on the defendants.").

Plaintiff argues that the combination of service of the praecipe for writ of summons, *plus* the existence on the docket of the Court of Common Pleas of Allegheny County of the initial complaint against Giant Eagle Inc. and John Doe corporations, two amended complaints adding two Giant Eagle sub-entities, *plus* the Motion for a Certificate of Merit, sufficed to place CVS on notice of removable claims against it prior to the filing and service of the TAC. Plaintiff's reliance on these previously filed state court items is misplaced, and his argument is without merit.

United States District Judge Robert Surrick rejected a similar argument in *Lane v. CBS Broadcasting Inc.,* 2008 WL 910000 (E.D.Pa. 2008). In *Lane*, the Plaintiff had served on defendant a praecipe for writ of summons and a motion for pre-service discovery attaching a

fairly detailed notice of deposition and request for production of documents which provided the factual and legal background of the case. Defendant removed the case thirty days thereafter, and Plaintiff moved to remand on the grounds that it was premature as the complaint had not yet been filed. Defendant argued against remand because the summons plus the notice of deposition and request for production qualified as the initial pleadings that disclosed the basis for removal, relying on the language in *Sikirica* that "a writ of summons *alone* can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446( b)."

Lane found that, indeed, CBS's Notice of Removal was premature and remanded to the Court of Common Pleas of Philadelphia. Surveying the post-*Sikirica* case law in the Third Circuit, Judge Surrick agreed with Plaintiff that "for purposes of Section 1446(b), *the initial pleading* [triggering the 30 day removal period] *is a complaint*." 2008 WL 910000, at *5 (emphasis added), reasoning as follows:

> Defendant points to the fact that the Third Circuit stated specifically that "a writ of summons alone" cannot serve as the "initial pleading" under Section 1446(b). (Doc. No. 8 at 10.) Defendant argues that in this case we do not have a writ of summons alone. (*Id*.) Rather, we have a writ of summons plus a notice of discovery that together provide more than sufficient evidence of the re-movability of the case. (*Id*. at 9.)
>
> When one considers the Supreme Court's discussion [in *Murphy Bros*] of the four different possibilities with respect to the triggering date and the timing of filing writs of summons and complaints, it seems clear that the *Sikirica* court's "writ of summons alone" language merely meant that a writ of summons not served simultaneously with a complaint cannot constitute the initial pleading. The *Sikirica* court expressly interpreted *Murphy Bros*, as having held that a complaint, not a writ of summons, is the initial pleading for the purpose of 28 U.S.C. § 1446(b).
>
>        \*   \*   \*

> While Defendant may very well be correct with regard to the particular claims that Plaintiff will bring, at this point Defendant is only speculating based upon what Plaintiff has "telegraph[ed]" and "suggest[ed]" through her state court filing [and] . . . speculating with regard to the relief sought. . . . The Civil Cover Sheet states only that this is a contract case with an amount in controversy exceeding $50,000. (Doc. No. 8, Ex. A.) Finally, the notice of discovery, which forms the basis for Defendant's speculation, is not a pleading under Pennsylvania law, Pa. R. Civ. P. 1017, it is not required to be filed in court, Pa. R. Civ. P. 4007.1(c), 4003.8, and it cannot commence an action in state court, Pa. R. Civ. P. 1007. Based upon *Murphy Bros*, and *Sikirica*, we are compelled to conclude that Plaintiff's writ of summons and notice of discovery are not together an "initial pleading" triggering the 30-day period for removal.

2008 WL 910000, at *5-*7 (footnotes and numerous citations omitted). *See also Wisinski v. American Commerce Group, Inc*., 2008 WL 339461, *1 (W.D. Pa. 2008) (Cohill, J.) (rejecting Plaintiff's argument that, for purposes of section 1446(b), an "initial pleading" triggering the 30-day time period for removal was satisfied by the Writ of Summons, Motion to Compel Arbitration, and Defendant's Motion for Reconsideration filed in the Court of Common Pleas of Erie County; only the complaint would do and "removal was timely because the notice was filed within 30 days of the filing of the Complaint").

### III.     Conclusion

From the foregoing, Plaintiff's Notice of Removal on July 21, 2014 was filed within 30 days of its receipt of the initial pleading against it, the Third Amended Complaint. Accordingly, the Notice of Removal was timely. I respectfully recommend that Plaintiff's Motion to Remand to state court be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until October 13, 2014, to file objections.  Failure to timely file objections will constitute a waiver of any appellate rights.

*Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections and any response to the initial objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

/s Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: all ECF registered counsel

Date: September 26, 2014