IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW M. GABRIEL** *on behalf of himself and all others similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-0980 |
| **GIANT EAGLE, INC.,** **MARCKISOTTO MARKETS INC.** *doing business as* "EDGEWOOD GIANT EAGLE" or *doing business as* "GIANT EAGLE" or *doing business as* "GIANT EAGLE PHARMACY #24", **SHAKESPEARE STREET ASSOCIATES GP LLC,** *doing business as* "GIANT EAGLE" or *doing business as* "SHAKESPEARE GIANT EAGLE" or *doing business as* "GIANT EAGLE PHARMACY #17" and **CVS PHARMACY, INC.,** *doing business as* "CVS" or *doing business as* "CVS STORE #4091" | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

This action was commenced on April 22, 2014 by the filing of a writ of summons in the Allegheny County Court of Common Pleas. Plaintiff Andrew M. Gabriel ("plaintiff") filed a class action complaint on May 2, 2014, filed an amended complaint on May 6, 2014, and a

1

second amended complaint on May 14, 2014. None of these filings named CVS Pharmacy, Inc. ("CVS") as a defendant.

On May 20, 2014, plaintiff filed a praecipe for writ to join additional defendant identifying CVS as a defendant, which CVS apparently received on May 29, 2014. On June 18, 2014, plaintiff served CVS with a certificate of merit motion. On June 20, 2014, plaintiff filed a third amended complaint, naming CVS as defendant, as well as the remaining above-captioned defendants. On July 21, 2014, CVS filed a notice of removal, stating that the case was removable under the Class Action Fairness Act of 2005, P.L 109-2 as codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On July 23, 2014, plaintiff filed a motion to remand to state court and brief in support thereof (ECF Nos. 3, 4), arguing that removal was untimely because it occurred more than thirty days after CVS received both the praecipe for writ to join additional defendant and the certificate of merit motion. The magistrate judge's Report and Recommendation ("R&R") dated September 26, 2014 (ECF No.24) recommended that plaintiff's motion to remand be denied, finding that CVS had timely filed a notice of removal within thirty days of its receipt of the initial pleading against it – the third amended complaint – on June 20, 2014. Plaintiff filed timely objections to the R&R. (ECF No. 25). The matter is fully briefed and ripe for disposition. For the reasons set forth below, the R&R will be adopted as the opinion of this court.

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which

objections are made.  *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

Plaintiff objects to the R&R, arguing that the magistrate judge erred in finding that the period of removal runs from CVS's receipt of the third amended complaint.  Pl.'s Objections (ECF No. 25, ¶ 5).  Notwithstanding that the second amended complaint is silent with regard to CVS, plaintiff claims that "all general allegations made against 'Defendants' in the [second amended complaint], as opposed to specific allegations lodged solely against named defendants (e.g., Giant Eagle, Inc.), were equally applicable to *Defendant* CVS Pharmacy, Inc., and were more than adequate for Defendant CVS Pharmacy, Inc. to get the 'gist' of the case against it." (*Id.* ¶ 4).  Additionally, plaintiff asserts that the magistrate judge erred in failing to consider or mention *Rose v. USAA Casualty Ins. Co.*, 2010 WL 2557484 (D.N.J. 2010).

CVS responds that *Rose* "offers Plaintiff no help" and "is utterly irrelevant to this case." CVS's Resp. to Objections (ECF No. 26, at 10).  CVS contends that the R&R appropriately applied the relevant binding authority from the Supreme Court in *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), and the Third Circuit Court of Appeals in *Sikirica v. Nationwide Insurance. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). (*Id.* at 4-6.)  CVS asserts that plaintiff ignores these decisions and ignores the principle that "when new parties are named in an amended pleading, they are entitled to formal service of summons and the amended complaint asserting claims against them." (*Id.* at 6-7.)  The law clearly supports CVS's position.

It is undisputed that plaintiff did not reference or make any specific allegations against CVS in the complaint, amended complaint, or second amended complaint.  The R&R appropriately found that CVS's receipt of service of the praecipe for writ to join additional

3

defendant and the certificate of merit motion are simply immaterial to whether CVS's removal was timely filed.[1] *See* R&R (ECF No. 24 at 3 n.2, 4). The relevant binding authority, *Murphy Bros.* and *Sikirica*, which the R&R relied upon, unequivocally establish that in this case, the operative document triggering the thirty-day time period to file the notice of removal is the third amended complaint. *See Murphy Bros*, 526 U.S at 354 ("[I]f the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period of removal runs from the defendant's receipt of the complaint."); *Sikirica*, 416 F.3d at 223 (holding that "a writ of summons alone can no longer be the 'initial pleading' that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)" and that the period of time for removal was triggered by receipt of the complaint); *see Parker Hannifin Corp. v. Fed. Ins. Co.,* Civ. No. 13-1456, 2014 WL 2457408, at *3 (W.D. Pa. May 29, 2014)(*discussed* Murphy Bros. and Sikirica and *noted:* "[I]t is the service of a complaint containing factual allegations and claims against a defendant that helps to ensure the plaintiff is serious about moving forward with a lawsuit against the forum–defendant and is not merely avoiding the federal forum."); *Lane v. CBS Broadcasting Inc.,* 2008 WL 910000, at *5, 7 (E.D.Pa. 2008) (analyzing *Murphy Bros.* and *Sikirica* and holding that the complaint, and not a writ of summons combined with a notice of discovery, constituted an "initial pleading" triggering the thirty day removal period under § 1446(b)).

---

[1] Plaintiff argues that the R&R erred regarding various facts involving the content of the Praecipe for Writ to Join Additional Defendant and the Certificate of Merit Motion. *See* Pl.'s Objections (ECF No. 25, at ¶¶ 2-3, 5, 8.) However, the R&R correctly concluded that these documents are irrelevant to the removal analysis since the triggering event for purposes of § 1446(b) was CVS's receipt of the third amended complaint. Therefore, arguments are overruled because they are inconsequential.

As CVS appropriately points out in its response, the matter was not removable until CVS's receipt of the third amended complaint, the first pleading that named it as a defendant and asserted claims against it. If CVS had attempted to file a notice of removal based on the second amended complaint, the praecipe for writ to join additional defendant, or the certificate of merit motion, removal would have been premature under CAFA and subject to remand. CVS's Resp. Br. (ECF No. 26, at 8-9, 11) (citing *Campbell v. Oxford Elec., Inc.*, 2007 WL 2011484, *2 (E.D. Pa. (2007), and *Lane,* 2008 WL 910000, at *1); *see* R&R (ECF No. 24, at 7-9).

Moreover, plaintiff's argument that the magistrate judge erred in failing to consider or mention *Rose,* a nonbinding and factually distinguishable decision, is misplaced. In *Rose*, the original defendant, USAA, was initially served with the complaint. *Rose*, 2010 WL 2557484, at *1. Shortly thereafter, USAA's counsel contacted the plaintiff's counsel to "propose a stipulation substituting USAA CIC as a defendant in place of USAA, which would then create diversity among the parties." *Id.* The original defendant and the proposed substituted defendant were both represented by the same counsel. The plaintiff agreed to this proposal, and mailed the stipulation of substitution to defense counsel. *Id.* The court found that the defendant's receipt of the stipulation of substitution constituted receipt of an "other paper" for purposes of the second paragraph of 28 U.S.C. § 1446(b) because it was voluntarily executed by the plaintiff and it established for the first time that the case was removable. *Id.* at *4. As a result, the court found that remand was appropriate under the circumstances because the defendant did not establish that the notice of removal was filed within thirty days from its receipt of the stipulation of substitution.

Unlike the situation in *Rose*, CVS was not a substituted party already in receipt of a complaint with claims against it; rather, CVS was a newly added party represented by different

5

counsel than the other defendants named in the previous complaints. As discussed above, the third amended complaint is the first pleading naming CVS as a party *and* asserting claims against it. In his objections, plaintiff emphatically asserted the position that the second amended complaint (which neither identified CVS nor made any allegations against the "John Does") combined with the subsequently executed praecipe for writ to join additional defendant and certificate of merit motion made it ascertainable that the case could be removed under 28 U.S.C. § 1446(b)(3). This position, however, is entirely erroneous. The court agrees with CVS that such an interpretation of § 1446(b) would impose an "onerous and unrealistic burden" upon it. CVS's Resp. to Objections (ECF No. 26, at 11). Indeed, as a practical matter, plaintiff's position would require CVS to "read his mind, assume[] that CVS was the John Doe defendant in a complaint that never mentions CVS, and anticipate[] that the claims against CVS in the forthcoming complaint – which had not been filed as of the date CVS received the Praecipe and Certificate of Merit Motion – would render the complaint removable under CAFA." (*Id.*) Plaintiff's position must fail because a defendant is entitled to have access to the complaint before determining whether to remove the matter and none of the documents served upon CVS prior to the third amended complaint made it ascertainable that the matter was removable under CAFA. See <u>Parker Hannifin Corp</u>; 2014 WL 2457408, at*3.

In conclusion, keeping in mind the Supreme Court's adherence in *Murphy Bros.* to the "bedrock principle" that a defendant is "not obliged to engage in litigation unless notified of the action, and brought under a court's authority by formal process," and its observation that Congress, in enacting § 1446(b), strived to "ensure that the defendant would have access to the complaint before the commencement of the removal period," 526 U.S. at 347, 351, as well as the Third Circuit Court of Appeals' holding that a writ of summons alone is insufficient to trigger §

6

1446(b), *Sikirica*, 416 F.3d at 223, the only reasonable conclusion is that the matter was not removable by CVS until its receipt of the third amended complaint. Accordingly, because CVS filed its notice of removal within thirty days from its receipt of the third amended complaint, plaintiff's objections are without merit. Plaintiff's motion to remand to state court must be denied and his objections to the R&R are overruled. The R&R will be adopted as the opinion of this court. An appropriate order follows.

BY THE COURT:

Dated: December 12, 2014

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief, United States District Judge

cc: all counsel of record via CM-ECF