# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW M. GABRIEL** )<br>*on behalf of himself and all others* )<br>*similarly situated,* )<br>  )<br>Plaintiff, )<br>  )<br>v.   ) <br>  )<br>**GIANT EAGLE, INC.**, )<br>**MARCKISOTTO MARKETS INC.** )<br>*doing business as* )<br>"EDGEWOOD GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE PHARMACY #24", )<br>**SHAKESPEARE STREET ASSOCIATES** )<br>**GP LLC,** *doing business as* )<br>"GIANT EAGLE" or )<br>*doing business as* )<br>"SHAKESPEARE GIANT EAGLE" or )<br>*doing business as* )<br>"GIANT EAGLE PHARMACY #17" and )<br>**CVS PHARMACY, INC.,** )<br>*doing business as* "CVS" or )<br>*doing business as* )<br>"CVS STORE #4091" )<br>  )<br>Defendants. ) | Civil Action No. 14-0980 |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

This action was initially brought in the Court of Common Pleas of Allegheny County on April 22, 2014, and was removed to this Court on July 21, 2014 pursuant to the Class Action Fairness Act of 2005, P.L. 109-2 as codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of

Court for Magistrate Judges. Plaintiff Andrew M. Gabriel ("plaintiff") brings this action on behalf of himself and other individuals whose identity protected health information was used in a fraudulent and unauthorized manner to create fraudulent prescriptions in order to obtain controlled substances at the pharmacies of defendants Giant Eagle, Inc., Marckisotto Markets, Inc., Shakespeare Street Associates GP LLC, and CVS Pharmacy, Inc. (collectively, "defendants"). Defendants filed motions to dismiss for failure to state a claim. (ECF Nos. 30, 34).

On July 9, 2015, the magistrate judge issued a report and recommendation ("R&R") in which she recommended that defendants' motions to dismiss the third amended complaint be granted in their entirety with prejudice. (ECF No. 44). On July 23, 2015, plaintiff filed timely objections to the R&R. (ECF No. 45). Defendants filed responses to plaintiff's objections on August 6, 2015. (ECF Nos. 46, 47). Accordingly, the matter is fully briefed and ripe for disposition. For the reasons that follow, the R&R will be adopted as the opinion of this court, and defendants' motions to dismiss will be granted.

When objections to an R&R are filed under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

The court carefully reviewed the R&R, applicable case law, the allegations as set forth in the third amended complaint, as well as the submissions of the parties. Plaintiff's objections reiterate his arguments made in connection with his original opposition to the motions to dismiss. The objections contain no additional substantive arguments that the R&R did not address. The

magistrate judge considered all of plaintiff's arguments in connection with his position, and correctly concluded that plaintiff failed to set forth factual allegations in the complaint sufficient for this court to infer that there is a plausible prima facie case with respect to the claims alleged, or lacked standing to do so.  Pennsylvania law does not support any of the asserted claims, which plaintiff alleges would impose liability on a pharmacy for filling a prescription where a third party allegedly commits identity theft against a plaintiff.   Pennsylvania law does not impose a per se duty on pharmacists to have procedures in place to prevent third parties from obtaining prescription drugs by furnishing false information to the pharmacist.  A pharmacist's duties cannot be expanded beyond those imposed by the appropriate legislature and regulatory agencies.  Plaintiff also failed to allege any compensable injury or damages, and the alleged harm was neither compensable nor proximately caused by defendants.

    The court will adopt the R&R as the opinion of this court.

An appropriate order follows.

BY THE COURT:

Dated: August 19, 2015

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief, United States District Judge

cc: all counsel of record via CM-ECF